Joseph Kelley, appellant, *v.* John Inman, appellee.

*Appeal from Adams.*

Where a defendant in an action of ejectment is duly notified that a declaration will be filed on a particular day of the next term of the Circuit Court, the plaintiff has a right to file his declaration and obtain his rule, on any day subsequent to the one on which the defendant is notified to appear, and the defendant is bound to take notice of it. And it is no cause for setting aside such rule, that the defendant attended on the day mentioned in the notice, and no rule was then taken.

In ejectment, a defendant has not a right to plead at the next term after the expiration of a rule to plead. It is the policy of the statute to require the issue, if any defence is intended, to be made up in vacation; and if a defendant, having failed to comply with the rule to plead in vacation, file a plea at the next term, before his default is taken, his plea will be stricken from the records, and judgment by default entered.

The judgment in this case, in the Court below, was rendered at the July special term, 1840, the Hon. Peter Lott presiding.

J. A. McDougall, for the appellant.

O. H. Browning, for the appellee.

Ford, Justice, delivered the opinion of the Court:
Inman filed his declaration in *ejectment* on the 20th day of April, 1840, that being the day of the term of the Adams Circuit Court. Kelley had been previously notified, according to the statute, that the declaration would be filed on the second day of the term. A rule was thereupon made on Kelley to plead answer or

demur within twenty days from the time of filing the declaration. No plea was filed within the time limited by the rule. But at the next term, in July following, Kelley appeared in Court, and without motion to, or leave of Court, filed his plea of the general issue, and also moved the Court to set aside the rule to plead above mentioned. In support of this motion, Kelley filed an affidavit, in which it is stated that on the second day of the April term aforesaid, he employed an attorney to defend him in the suit; that he and his attorney attended Court all that day, and that no declaration was filed or rule asked for on that day; that Kelley then returned home, and attended no more during that term; so that he says he had no notice, and was surprised, and therefore asked for leave to plead at the subsequent term. But the Court overruled his motion; struck his plea from the files; and, upon application of Inman, rendered a judgment against him, by default, for the recovery of the premises and costs.

The assignment of errors presents the following questions: whether Kelley had a right, as a matter of course, to plead at a subsequent term; and if not, whether sufficient cause was shown by him, so that, according to law, the Court ought to have granted him leave.

These questions are of some importance as questions of practice under the "*Act defining and regulating proceedings in the action of ejectment,*" (1) approved March 2, 1839.

Some of the provisions of this act are, that the service of the declaration of the plaintiff shall be accompanied by a notice to the defendant, that the declaration will be filed on some day in the then next term of the Court in which the action is brought, specifying such day; that upon filing the same, a rule will be entered, requiring the defendant to appear and plead to the declaration, within twenty days after the entry of the rule; and that if he neglect so to appear and plead, judgment by default will be entered against him. The thirteenth section allows the plaintiff, on the day specified in the notice, or on some day thereafter, upon filing the declaration, with an affidavit of the service of a copy thereof, and the notice required to accompany it, to enter a rule requiring the defendant to appear and plead within twenty days, and in case the defendant shall neglect to appear and plead within such time, his default shall be entered.

The fourteenth section allows a defendant to apply to the Court, or to any judge in vacation, to compel the attorney of the plaintiff to produce his authority for commencing the suit; and the thirty-first section gives the defendant two years, after judgment, to come in and move to have it set aside; and upon payment of the costs and damages recovered, the Court may vacate the judgment, and grant a new trial, if the Court shall be satisfied that justice will be

(1) Acts of 1839, 220.

promoted, and the rights of the parties more satisfactorily ascertained and established.

These are the only provisions of the law bearing upon the points now in controversy; and from them the Court is to determine, in the first place, whether the appellant, being defendant below, had a right, as a matter of course, to file his plea, after a neglect and disobedience of the rule, and at a subsequent term of the Court.

In establishing a rule of practice on this point, by a construction of this act, we do not feel authorized to depart from the plain and obvious meaning of the words used. We can see nothing in the subject matter upon which the law is to operate, the effects and consequences, or in the reason and spirit of the law itself, calling for violence to language, or any departure from its usual and most known signification. The plain provisions of the law are, that a defendant in ejectment may be ruled to plead in twenty days; he is to be notified that unless he does appear and plead within the twenty days, judgment by default will be entered against him, and that the plaintiff will recover possession of the premises; and in case he does not so appear and plead within twenty days, his default shall be entered.

In this case, the appellant, by failing to plead within the time limited by the rule, clearly gave the plaintiff a right to a judgment by default. It seems to be the policy of the statute to require the issues, if any defence is intended, to be made up in vacation, so that the parties can know that there will be a trial at the next term, and prepare themselves accordingly. But here the appellee, upon examination in the clerk's office, after the expiration of the rule, had a right to believe that no defence was intended; that he would easily succeed by getting a default, and that no preparation for trial would be necessary. In this just expectation, is he to be disappointed by the defendant coming into court and saying, it is true I disobeyed the rule, I have no reason to justify me in so doing, I claim it as a matter of right to be protected against my own negligence, because the plaintiff has not, as yet, taken a default? We think that it makes but little difference, whether the plaintiff had already taken a default, or was then only entitled to do so. In either case, he is liable to be caught without preparation for trial, and might, by the allowance of the plea, be compelled to submit to a continuance, for the purpose of procuring his testimony. By a strict adherence to the true spirit and meaning of the law, as well as the plain import of its language, we compel the issues to be made up in vacation, and insure a trial at the next term. By this means we prevent unnecessary delay; we render litigation less interminable; and the parties can have as early a trial as is consistent with the due administration of justice. As the natural tendency of legal proceedings is to linger beyond just and necessary delay, we think such expedition as we have intimated, is very desirable to be accomplished. We cannot, therefore, give the statute such a

construction as will allow a defendant, as a matter of right, to plead at the next term after the expiration of a rule for that purpose.

But an affidavit was filed for the purpose of showing cause ; and the second question is, whether the appellant did show such cause as entitled him to an extension of time to plead.

The substance of the affidavit is, that the appellant employed counsel ; that he and his counsel attended Court all of the day on which they were notified to appear ; that no declaration was filed, or rule to plead asked on that day ; that the appellant returned to his home, and attended the Court no more that term ; that the rule was made on a subsequent day, and that, therefore, the appellant had no notice, and was surprised by the proceeding. To this affidavit, there are at least two valid objections : first, the total absence of any pretence of merits, either by the assertion of title in the appellant, or the denial of right in the appellee ; secondly, the pretence of surprise and want of notice, is not to be allowed. The declaration, notice, and affidavit of service, all appear to be regular ; and the only complaint made by the appellant is, that he was notified to appear on one day, and the rule to plead was entered on a day subsequent, whilst he was not in attendance in Court.

We cannot imagine that a rule is to prevail in ejectment, different from all other actions. In debt and assumpsit, and the like actions, the summons is returnable on the first day of the term ; nevertheless the defendant is bound to answer during the whole term, whenever the cause may be called, or before, if required by a rule of the Court.

But if any doubt could exist as to the true construction of the tenth section, in regard to the day on which the rule shall be entered, that doubt is dissipated in a moment, by a reference to the thirteenth section of the same act, which unequivocally gives the plaintiff a right to file his declaration and obtain his rule, on any day subsequent to the one on which the defendant is notified to appear ; as, therefore, the rule was entered at the same term, and after the day on which the appellant was notified that his appearance would be necessary, he was bound to take notice of it, and cannot now allege ignorance of that which he was bound to know, and which he would have known, had not his own negligence prevented him. Seeing no error in the record, the judgment of the Circuit Court of Adams county is affirmed with costs.

*Judgment affirmed.*